United States District Court
Southern District of Texas
**ENTERED**
February 05, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JONATHAN TURNER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. H-15-1413 |
| | § | |
| TEXAS A&M UNIVERSITY and | § | |
| JANE DOE, | § | |
| | § | |
| Defendants. | § | |

## ORDER

Pending before the Court is Plaintiff's Motion for Preliminary Injunction (Document No. 9). Having considered the motion, submissions, and applicable law, the Court determines the motion should be denied.

## I. BACKGROUND

This case arises following Defendant Texas A&M University's ("TAMU") suspension of Plaintiff Jonathan Turner ("Turner") as the result of a disciplinary hearing in which Turner was found responsible for the alleged sexual assault of Jane Doe ("Doe"), also a student at TAMU. While all parties agree that Turner and Doe engaged in a sexual encounter on the evening of November 15, 2014, the facts of that night are disputed. Subsequent to the November 15 encounter, Turner was informed that he was charged with violating the TAMU Student Conduct

Code. The alleged violations were for sexual abuse, sexual contact, and physical abuse arising from the November 15 encounter with Doe.

A student conduct panel found Turner guilty of two sexual abuse violations, a sexual contact violation, and a physical abuse violation. Turner appealed the finding to the University Disciplinary Appeals Panel. The initial finding of guilt was upheld. As a result, Turner was suspended and cannot return to campus until 2017, and only then upon meeting certain conditions. On May 27, 2015, Turner filed suit in this Court. He alleges that under Title IX of the Eduction Act Amendments of 1972, the student conduct proceedings constituted sex discrimination because they were tainted by bias against males that led to an erroneous outcome in his case. He alleged that males were invariably found guilty in the proceedings and that this was evidenced by his inability to call witnesses in his favor and alleged exculpatory evidence he claimed was not considered by the panel. On August 6, 2015, Turner filed a motion for preliminary injunction asking the Court to require TAMU to "reinstate [Turner] into the university and remove any notations of accusations, findings or sanctions from his record and transcripts resulting from TAMU's wrongful suspension of him from the university."[1] Turner

---

[1] *Plaintiff's Motion for Preliminary Injunction*, Document No. 9 at 1.

did not request an oral hearing on the motion. TAMU filed a response under seal opposing the issuance of an injunction.[2]

## II. STANDARD OF REVIEW

The parties dispute the applicable burden of proof. TAMU contends Turner is seeking a mandatory preliminary injunction, and therefore, Turner must show the facts and law are clearly in his favor. Turner contends the ordinary standard for a preliminary injunction applies and he need only show a substantial likelihood of success on the merits.[3]

A movant for a preliminary injunction must show (1) a substantial likelihood of prevailing on the merits, (2) a substantial threat of irreparable injury if the injunction is not granted, (3) the threatened injury outweighs the threatened harm to the potentially enjoined party, and (4) that granting the relief will serve the public interest. *Planned Parenthood of Hous. & Se. Tex. v. Sanchez*, 403 F.3d 324, 329 (5th Cir. 2015). The party seeking injunctive relief, which is an "extraordinary remedy," must "clearly [ carry] the burden of persuasion" on all four requirements. *Id.* An application for an injunction that requires affirmative action and does not

---

[2] Doe, who is not a party to the request for injunctive relief, also filed a response asserting an interest as the party most affected by the outcome of the motion. *Defendant Jane Doe's Response to Plaintiff Jonathan Turner's Motion for Preliminary Injunction*, Document No. 21 at 2.

[3] *Plaintiff's Reply to Doe's Response to Plaintiff's Motion for Preliminary Injunction*, Document No. 22 at 1–2.

merely seek preserve the status quo is a mandatory preliminary injunction. *Martinez v. Mathews*, 544 F.2d 1233, 1243 (5th Cir. 1976). Mandatory preliminary injunctions are rarely granted and the "facts and law" must "clearly [be] in favor of the moving party." *Exhibitors Poster Exch., Inc. v. Nat'l Screen Serv. Corp.*, 441 F.2d 560, 561 (5th Cir. 1971).

Turner filed his motion for a preliminary injunction after being suspended from TAMU. He did not file the motion prior to his suspension and at that time seek to preserve his status as a student in good standing. Therefore, the relief sought here—reinstatement of Turner to TAMU—goes beyond the status quo and would constitute an affirmative action on the part of TAMU. Accordingly, the Court finds Turner is seeking a mandatory preliminary injunction and that he must show the facts and law are clearly in his favor.

### III. LAW & ANALYSIS

Turner contends sex discrimination is evidenced by the erroneous outcome at the disciplinary proceeding, and therefore, the Court should issue a preliminary injunction lifting his suspension. TAMU contends the Court should not adopt sex discrimination based on an erroneous outcome as a cause of action, but contends even if the Court adopts it, Turner fails to show there was an erroneous outcome motivated by gender bias.

Title IX prohibits any person from being denied access to educational programs receiving federal funds on the basis of sex. 20 U.S.C. § 1681(a). The Fifth Circuit has yet to address whether a university disciplinary panel ruling can constitute a cause of action for sex discrimination under Title IX. The Second Circuit, in *Yusef v. Vassar College*, 35 F.3d 709 (1994), adopts this cause of action. Under the *Yusef* test, sex discrimination can be shown by demonstrating an erroneous outcome or selective enforcement. *Id.* at 715. An erroneous outcome claim asserts that "the plaintiff was innocent and wrongfully found to have committed an offense." *Id.*

To succeed on an erroneous outcome claim, the plaintiff must satisfy the following three elements: "(1) a procedurally or otherwise flawed proceeding; (2) that has led to an adverse and erroneous outcome; and (3) particular circumstances suggesting that gender bias was a motivating factor behind the erroneous outcome." *Doe v. Salisbury University*, ---F. Supp. 3d ---, at *12 (D. Md. 2015) (citing *Yusof*, 35 F.3d at 715). Evidence that an outcome was motivated by gender might include "statements by members of the disciplinary tribunal, statements by pertinent university officials, or patterns of decision-making that also tend to show the influence of gender." *Yusof*, 35 F.3d at 715; *see Wells v. Xavier Univ.*, 7 F. Supp. 3d 746, 751 (S.D. Ohio 2014) (finding plaintiff alleged sufficient facts to survive a motion to dismiss where he pleaded the university was acting against him

because it had failed to take action against males accused of sexual assault in the past). "[O]ne case by an individual who was subjectively dissatisfied with the result of a disciplinary proceeding does not constitute a pattern of decisionmaking." *Sahm v. Miami Univ.*, 110 F. Supp. 3d 774, 779 (S.D. Ohio 2015) (citing *Mallory v. Ohio Univ.*, 76 F. App'x 634, 640 (6th Cir. 2003)).

Turner asserts his claim of sex discrimination under the erroneous outcome theory articulated in *Yusef*. However, the Court need not decide on a preliminary injunction motion whether to adopt the cause of action. As discussed below—even if the Court adopted the *Yusef* test—Turner cannot show a substantial likelihood of success on the merits, or that the law and facts are clearly in his favor as required on a mandatory injunction application. The Court finds Turner's inability at this time to meet his burden on the first preliminary injunction factor dispositive. Therefore, the Court only addresses below the factor of substantial likelihood of success on the merits.

Turner alleges the outcome of the hearing was erroneous based on the lack of evidence, the inability to present witnesses, and his claim that TAMU conducted no investigation. He asserts the only explanation for this is gender bias. However, in order to show gender bias, Turner must show some evidence that the tribunal or TAMU made statements reflecting gender bias, or statistics showing disparities based on gender in panel findings. Turner has presented no such evidence. His

subjective belief that there was an erroneous outcome—and therefore, the outcome must have been motivated by gender bias—does not constitute, at this time, a decisionmaking pattern sufficient to show a substantial likelihood of success on the causation element. Even if the outcome were erroneous based on the evidence that does not necessarily reflect gender bias. Instead, that could merely reflect a bias for the accused over the accuser. Absent any statement by the tribunal or TAMU evidencing that they were influenced by Turner's male gender or statistical evidence showing males are found guilty where females are not, Turner fails at this time to show a prima facia case there is a substantial likelihood of prevailing on the merits. Turner must show that the erroneous outcome was motivated by his gender to succeed on the merits. Accordingly, even if the Court were to adopt the *Yusef* test, Turner fails to meet his burden to show a likelihood of success on the merits; thus, the Court denies his motion for a preliminary injunction.

## IV. CONCLUSION

Based on the foregoing, the Court hereby

**ORDERS** that Plaintiff's Motion for Preliminary Injunction (Document No. 9) is **DENIED**.

SIGNED at Houston, Texas, on this __4__ day of February, 2016.

                                                           DAVID HITTNER
                                          United States District Judge