United States District Court
Southern District of Texas
**ENTERED**
June 13, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JONATHAN TURNER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. H-15-1413 |
| | § | |
| TEXAS A&M UNIVERSITY and | § | |
| JANE DOE, | § | |
| | § | |
| Defendants. | | |

## ORDER

Pending before the Court is Defendant Jane Doe's Motion to Dismiss Plaintiff Jonathan Turner's Defamation Claim (Document No. 46). Having considered the motion, submissions, argument in open court, and applicable law, the Court determines the motion should be denied in part and granted in part.

## I. BACKGROUND

Following Defendant Jane Doe's ("Doe")allegations of sexual assault, Plaintiff Jonathan Turner ("Turner") was suspended by a disciplinary panel at Defendant Texas A&M University ("TAMU"). No party denies that a sexual encounter occurred between Turner and Doe, but whether the encounter was consensual is contested. Turner contends TAMU violated Title IX because the sexual assault disciplinary hearings were tainted by bias against males. Turner also

alleges Doe defamed him with false statements that he raped her made to TAMU and to her family, their mutual friends and other third parties.

Doe moves to dismiss the defamation claim on the following three grounds: (1) the statements were protected under the Texas Citizen's Participation Act ("TCPA"), an Anti-SLAPP[1] statute; (2) the statements were entitled to absolute privilege because they were made during a quasi-judicial proceeding; and (3) Turner failed to sufficiently amend his complaint to state a claim on which relief could be granted. On April 4, 2016, pursuant to the provisions of the TCPA and on motion from Doe, the Court stayed discovery. The Court held a hearing on May 12, 2016, that was limited to argument on the issue of whether the defamation claim should be dismissed under the TCPA.

## II. STANDARD OF REVIEW

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). Under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Although "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' . . . it demands more than . . . 'labels and conclusions.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "'[A]

---

[1] A commonly used acronym for a strategic lawsuit against public participation.

formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breeches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)).  To survive the motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  "Conversely, 'when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'"  *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 558).

### III.  LAW & ANALYSIS

*A.    Defamation Claims under Texas Law*

Turner has alleged Doe made false defamatory statements that he raped her to third parties and TAMU.  Doe contends these statements were all protected under the TCPA and the claim should be dismissed.  Additionally, Doe contends the statements at the TAMU disciplinary proceedings were absolutely privileged because they were made during or in anticipation of quasi-judicial proceedings.

Doe also asserts that Turner did not sufficiently plead his claim and it should be dismissed pursuant to Rule 12(b)(6).

Texas's defamation elements include (1) publication of a false statement to a third party; (2) that was defamatory concerning the plaintiff; (3) with negligence, for a private individual; and (4) damages in some cases. *In re Lipsky*, 460 S.W.3d 579, 593 (Tex. 2015).   Negligence is established in the defamation context by showing the publishers knew or should have known the defamatory statement was false. *WFAA-TV, Inc. v. McLemore*, 978 S.W.2d 568, 571 (Tex. 1998). Defamation per se refers to statements that are "so obviously harmful that general damages may be presumed." *Id.*  Accusing someone of "engaging in serious sexual misconduct" is defamation per se. *Id.* at 596.  General damages include loss of reputation and mental anguish. *Id.* at 593.  Turner pleaded both defamation and defamation per se.[2]   The Court first turns to whether the TCPA requires the dismissal of Turner's defamation claims.

B.    *Motion to Dismiss Pursuant to the TCPA*

1.    *The TCPA Provisions and Evidence before the Court*

The TCPA is codified in Texas Civil Practice and Remedies Code section 27.  Under the TCPA, "[i]f a legal action is based on, relates to, or is in response to a party's exercise of the right of free speech, right to petition, or right of

---

[2] *Amended Complaint*, Document No. 42 at 12.

4

association, that party may file a motion to dismiss the legal action." TEX. CIV. PRAC. & REM. CODE § 27.003(a). An analysis under the TCPA is three-step. *See id.* § 27.005. First, a court looks to whether the moving party meets its burden to show by a preponderance of the evidence the legal action is "based on, relates to, or is in response to the party's exercise of: (1) the right of free speech; (2) the right to petition; or (3) the right of association." *Id.* § 27.005(b). If that initial burden is met, the court's second step is to determine whether "the party bringing the legal action establishes by clear and specific evidence a prima facie case for each essential element of the claim in question." *Id.* § 27.005(c). Unless that burden is met, the court must dismiss the action. *Id.* Furthermore, even if the burden on step two is met, under the third step, "the court shall dismiss a legal action against the moving party if the moving party establishes by a preponderance of the evidence each essential element of a valid defense to the nonmovant's claim." *Id.* § 27.005(d).

In determining whether to dismiss an action pursuant to the TCPA, "the court shall consider the pleadings and supporting and opposing affidavits stating the facts on which the liability or defense is based." *Id.* § 27.006(a). Step two requires a showing by "clear and convincing evidence" of a "prima facia case." *Id.* § 27.005(c). A prima facia case "refers to evidence sufficient as a matter of law to establish a given fact if it is not rebutted or contradicted." *In re Lipsky*, 460

S.W.3d at 590. This burden is met with the "minimum quantum of evidence necessary to a support a rational inference that the allegation of fact is true." *Id.*

The "clear and convincing evidence" standard imposes a heightened pleading standard above what is generally required to survive a motion to dismiss under Texas pleading standards. *See id.* at 590–91. Unlike federal courts, which require more than "a formulaic recitation of the elements of a cause of action," *Iqbal*, 556 U.S. at 678, Texas's notice pleading standard allows for "general allegations that merely recite the elements of a cause of action."[3] *In re Lipsky*, 460 S.W.3d at 590–91. Under the "clear and specific evidence" standard, however, "a plaintiff must provide enough detail to show the factual basis for its claim." *Id.* at 591. Mere notice pleading does not suffice. *Id.* This standard is not higher than the burden of proof at trial and does not require direct evidence of each essential element. *Id.* Circumstantial evidence, which is "simply indirect evidence that creates an inference to establish a central fact," can be sufficient to meet the "clear and specific evidence" standard. *Id.* at 589, 91. Therefore, in a defamation case, pleadings and evidence that "establish[] the facts of when, where, and what was

---

[3] The Court notes that, although the parties have not raised the issue, whether the provisions of the TCPA even apply in federal court is an open question in the Fifth Circuit. *See Cuba v. Pylant*, 814 F.3d 701, 718–21 (5th Cir. 2016) (Graves, J. dissenting) (stating that (1) the applicability of the TCPA in federal court is an open question; (2) the TCPA is procedural and therefore inapplicable under *Erie*; and (3) even if under *Erie* the TCPA were substantive, that "it still must yield to federal law because it directly conflicts with the Federal Rules of Civil Procedure," specifically in regards to Rule 12 pleadings standards).

said, the defamatory nature of the statements, and how they damaged the plaintiff should be sufficient" to meet the "clear and specific evidence" standard. *Id.* at 591.

The Court first addresses what pleadings and evidence have been submitted for the Court to consider in determining whether the respective parties met their burdens under the TCPA.   Neither party attached any affidavit to the instant motion and responses.    Therefore, the Court is restricted to the pleadings. Accordingly, the only document properly considered as evidence by the Court when analyzing the merits of the TCPA motion is the Amended Complaint, and the Court accepts the facts pleaded as true, viewing them in the light most favorable to Turner.[4]

---

[4] The Court notes that, if the TCPA is even applicable in federal court, it is unclear what deference is given to facts pleaded in a complaint.  In federal courts, on a Rule 12(b)(6) motion to dismiss for failure to state a claim, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff."  *In re Katrina Canal Breeches Litig.*, 495 F.3d at 205.  Under Texas's notice pleading standard, a pleading will be liberally construed in favor of the pleader, and "the court should uphold the petition as to a cause of action that may be reasonably inferred from what is specifically stated, even if an element of the cause of action is not specifically alleged." *Boyles v. Kerr*, 855 S.W.2d 593, 601 (Tex. 1993).  The TCPA does not contain any clarification as to whether when analyzing the heightened evidentiary burdens the facts pleaded in a petition must be accepted as true.  Without this guidance the Court looks to the standard on a regular motion to dismiss for failure to state a claim under Texas Civil Rule of Procedure 91(a):  "[A] party may move to dismiss a cause of action on the grounds that it has no basis in law or fact. A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought. A cause of action has no basis in fact if no reasonable person could believe the facts pleaded."  TEX. R. CIV. P. 91a.1.  As under both the Texas and Federal Rules of Civil Procedure, on a motion to dismiss for failure to state a claim, the facts as pleaded must be taken as true, the Court assumes on a motion to dismiss pursuant to the TCPA, the facts in a complaint must be taken as true as well.

*2.    Doe's Statements to Third Parties*

Turner pleads that: "Doe also made statements to her family, mutual friends of both Doe and Plaintiff and other third parties regarding Turner that he was the perpetrator of sexual assault against her which she know to be false. . . . Following Doe's false statements she made to third parties, Doe's brother confronted Turner at a party and told Plaintiff that he wanted to fight him because Doe told him that Plaintiff raped her.   Doe made these knowingly false statements to the aforementioned third parties because she was admittedly upset that Plaintiff would not date her following their consensual sexual encounter."[5]   Doe contends the defamation claim for statements to third parties should be dismissed pursuant to the TCPA because it implicated her right of free speech related to matters of health and safety and the government.

*a.    Doe's Burden under Step One*

The exercise of free speech "means a communication made in connection with a matter of public concern."   TEX. CIV. PRAC. & REM CODE § 27.001(2). Matters of public concern include "health and safety" and "the government."   *Id.* § 27.001(7)(A)&(B).   Doe bears the burden to show by a preponderance of the evidence the statements to third parties that Turner raped her were related to health and safety or the government.   *See id.* § 27.005(b).   As the Court may consider the

---

[5] *Amended Complaint*, Document No. 42, ¶¶ 50–52.

pleadings as evidence, Doe need not "present testimony or other evidence to satisfy her evidentiary burden." *See Serafine v. Blunt*, 466 S.W.3d 352, 360 (Tex. App.— Austin 2015, no pet.).

Doe asserts under *Williams v. Cordillera Communications, Inc.*, Civil Action No. 3:13-CV-124, 2014 WL 2611746 (S.D. Tex. June 11, 2014) (Ramos, J.), allegations of sexual misconduct involving students of TAMU constitute matters of public concern related to health and safety. *Williams*, however, is not so broad. *Williams* involved media communications about "a teacher who had been accused of criminal acts of a sexual nature involving young females, some of whom were his students." *Id.* at *3. The court found it was "a matter of public concern that a person who has a history of being terminated from his teaching job because of allegations of wrongdoing can continue to be hired in positions in which the safety of students is entrusted to him." *Id.* at *4. Additionally, the matters involved the government "with respect to public educational institutions, mandatory primary educations, and certification of teachers." *Id.*

Contrary to Doe's contentions, the *Williams* court did not find that "masturbating in front of Texas A&M coeds" was a matter of health and safety.[6] That specific fact was analyzed in the second step of the analysis as to whether

---

[6] *Defendant Jane Doe's Motion to Dismiss Plaintiff Jonathon Turner's Defamation Claim*, Document 46 at 7.

Williams could meet his prima facia burden to show the underlying statements were defamatory because they were false. *Id.* at *4–5. Doe conflates the steps of the analysis in *Williams*. Instead, on the first step, the matter of public concern relating to health and safety was the ongoing danger of allowing a teacher repeatedly accused of sexual misconduct to be in a position of authority over young girls. Here, Doe does not present any evidence to the Court asserting that Turner poses any such ongoing threat in a position of authority.[7] The Amended Complaint contains no statement that Doe stated Turner raped her and posed an ongoing threat to others, such that her allegation would relate to health and safety and become a matter of public concern. Doe bears the burden to establish that an allegation of rape constitutes a matter of public concern. This could have been established by attaching an affidavit from Doe or an expert on campus safety. Accordingly, based on the limited evidence before it in the Amended Complaint,

---

[7] The Court notes that it may well be that a statement someone is a rapist or perpetrator of sexual assault inherently indicates that person poses an ongoing health and safety threat to others beyond the alleged victim, such that the statement would be a matter of public concern. However, the Court finds that Doe did not sufficiently raise that argument. She instead relied on an overbroad reading of *Williams* and has not pointed the Court to any other case law, or attached affidavits asserting as a fact that an allegation of rape implicates public health and safety concerns. Doe bears the burden to show the applicability of the TCPA, and without any evidence before it—although it might strike the Court that an allegation of rape inherently will always implicate the public's health and safety concerns—the Court is bound by the requirement that Doe meet her evidentiary burden and the arguments actually raised on the motion to dismiss.

the Court finds that Doe failed to meet her burden to prove by a preponderance of the evidence her statements related to a matter of health and safety.

Nor does *Williams* provide support for Doe's contention her statements related to the government because Turner was a student at TAMU. In *Williams*, the statements related to the government because they involved a teacher at a public education institution, where primary education is mandated by and teachers are certified by the government. Nothing in the Amended Complaint, which is the only evidence before the Court, indicates Doe stated that Turner raped her and TAMU failed to protect her (or some other fact that would actually implicate the institution). The mere fact that Turner and Doe were both students at TAMU does not meet Doe's evidentiary burden to show her statements related to the government. Accordingly, the Court finds in regards to the statements made to friends, families, and other third parties, Doe has failed to meet her evidentiary burden to show the statements relate to matters of public concern involving the government or health and safety.

b.      *Turner's Burden under Step Two*

Even if Doe met her evidentiary burden under step one of the TCPA, the Court finds that Turner would meet his burden under step two. Turner bears the burden to establish a prima facia case for each element by clear and specific evidence.    TEX. CIV. PRAC. & REM. CODE § 27.005(c).    Pleadings may be

considered evidence and Turner can meet his burden through circumstantial evidence. *See In re Lipsky*, 460 S.W.3d at 590–91. A prima facia case is established if a fact is not rebutted or contradicted. *Id.* at 590. Doe has not submitted any affidavits contradicting or rebutting the facts pleaded in Turner's Amended Complaint. The Court construes all facts pleaded in the Amended Complaint as true for purposes of a TCPA motion to dismiss. *See supra* note 4.

An allegation of serious sexual misconduct qualifies as defamation per se. Turner therefore does not need to establish damages, although he does plead general damages in the loss to his reputation.[8] Turner also alleges that Doe's statement that he raped her was false and done with the intent to damage his reputation after he informed her he was not interested in continuing a romantic relationship with her.[9] That satisfies the elements of a defamatory statement that was made with negligence.

The only element at issue is whether Turner sufficiently pleaded publication with facts to establish "when, where, and what was said." This element need not be proven by direct evidence but can be done so circumstantially. The purpose of requiring "clear and specific evidence" is to "provide enough detail to show the factual basis for [the] claim." *In re Lipsky*, 460 S.W.3d at 591. The Court finds

---

[8] *Amended Complaint*, Document No. 42, ¶ 53.

[9] *Amended Complaint*, Document No. 42, ¶ 52.

Turner's pleading that Doe told her brother she was raped and he threatened to fight Turner at a party is circumstantial "clear and specific" evidence providing Doe the factual basis for Turner's claim.  It provides Doe notice of the content of the alleged defamatory statement—that Doe told her brother Turner raped her.  Turner pleads this statement is false.  It tells her the specific person it was said to, which is Doe's brother.  And it provides her with a sufficiently limited timeframe, by stating it occurred prior to the party where Doe's brother confronted Turner.  Although not direct evidence that Doe published a statement to her brother, the Court finds the circumstantial evidence sufficiently meets the clear and specific standard.  Accordingly, even if Doe met her burden under the TCPA, the Court finds Turner meets his burden to establish by clear and specific evidence a prima facia case for each element of his defamation claim.

    *c.*    *Doe's Burden under Step Three*

Doe does not assert in her motion to dismiss that the statements to friends and family were protected by any privilege.[10]  Accordingly, the Court does not address step three as to those claims, and denies Doe's motion pursuant to the

---

[10] *Defendant Jane Doe's Motion to Dismiss Plaintiff Jonathon Turner's Defamation Claim*, Document 46 at 11–12, 17–18.  Doe asserts for the first time in her reply that even the statements made to friends and family are privileged. *Defendant Jane Doe's Reply in Support of her Motion to Dismiss Plaintiff Jonathon Turner's Defamation Claim*, Document No. 52 at 7–8.  The Court finds this was not sufficiently raised on the initial motion to dismiss and therefore is waived.

TCPA to dismiss the defamation claims as to alleged statements she made to family and friends.

### 3.    *Doe's Statements to TAMU*

Turner alleges that: "[W]hen Doe discovered that Turner began dating Turner and Doe's mutual friend, Doe became extremely jealous.  It was not until that time that Doe decided to file her false claim that Turner forced her to have non-consensual intercourse with him.  TAMU did not conduct any investigation to discover this fact. . . . Doe made statements to TAMU regarding Turner that he was the perpetrator of sexual assault against her which she knew to be false, defamatory, unprivileged and with intent to harm Turner's reputation."[11]   Doe contends all her statements to TAMU regarding Turner were protected by her right to petition.[12]  Turner contends not all of Doe's statements to TAMU were protected by her right to petition because the statements were made maliciously to TAMU to influence future action prior to any proceeding being commenced.

### a.    *Doe's Burden under Step One*

The right to petition means "a communication in or pertaining to a proceeding in or before a managing board of an educational or eleemosynary institution supported directly or indirectly from public revenue."  TEX. CIV. PRAC.

---

[11] *Amended Complaint*, Document No. 42, ¶¶ 18, 49.

[12] Doe also asserts the statements to TAMU related to health and safety or the government.  As to that contention, the Court adopts its analysis *supra* Part III.B.2.a.

& REM. CODE § 27.001(4)(A)(vi). The right to petition also protects "a communication that is reasonably likely to encourage review an issue by a legislative, executive, judicial, or other governmental body." *Id.* § 27.001(4)(C). It is a question of law "whether an alleged defamatory matter is related to a proposed or existing judicial proceeding." *Cuba v. Pylant*, 814 F.3d 701, 715 (5th Cir. 2016). Under Texas law there is a distinction between the reporting of a crime and statements made once an investigation begins in anticipation of a judicial proceeding. *Id.* An initial communication "regarding alleged wrongdoing receives only a conditional privilege that is waived if the communication was made maliciously to defame." *Id.* Once an investigation has begun, and authorities solicit further statements, absolute privilege then attaches to shield the statements even if they are false and made maliciously. *Id.* at 715–16.

Doe meets her burden to prove by a preponderance of the evidence that any statements made to the TAMU student disciplinary panel and appeals panel relate to her right to petition. TAMU is an "agency of the State of Texas and an institution of higher education."[13] The pleadings also establish Doe's initial statements to TAMU pertained to her right to petition to encourage review of the issue—even if done maliciously—as that would go to Doe's right to immunity on step three as opposed to her initial burden on step one. The pleadings support

---

[13] *Amended Complaint*, Document No. 42, ¶ 5.

finding by a preponderance of the evidence that Doe filed a complaint with TAMU to encourage TAMU to initiate proceedings against Turner.[14]   Accordingly, the Court finds that Doe meets her burden to show by a preponderance of the evidence that her statements to TAMU pertained to her right to petition.

### b.    Turner's Burden under Step Two

The Court next turns to whether Turner meets his burden to show a prima facia case for each essential element of his defamation case by clear and convincing evidence.   Doe has not submitted any affidavit such that the facts as pleaded in the Amended Complaint are contested or rebutted.   The Court assumes for purposes of this motion that the pleaded facts are true.   Turner pleaded that three weeks after the November 15, 2014 encounter Doe filed a complaint with TAMU falsely accusing him of rape.[15]   Turner also pleads that Doe made false statements to the TAMU student conduct panel, including a one sentence statement that she did not consent.[16]   These pleaded facts establish by clear and specific evidence when, to who, and what was said, and that the statement was false. Turner does not need to establish damages for an allegation of defamation regarding serious sexual misconduct such as rape.   This is sufficient to give Doe

---

[14] *Amended Complaint*, Document No. 42, ¶¶ 18–19.

[15] *Amended Complaint*, Document No. 42, ¶¶ 15–18.

[16] *Amended Complaint*, Document No. 42, ¶ 30.

notice of the facts underlying each element of the defamation claim. Accordingly, the Court finds that Turner meets his burden under step two of the TCPA analysis.

### c.    Doe's Burden under Step Three

Doe asserts the immunity of absolute privilege. Doe bears the burden to establish by the preponderance of the evidence each essential element of a valid defense. TEX. CIV. PRAC. & REM. CODE § 27.005(d). If a valid defense is established, the court must dismiss the action. *Id.* Doe asserts that any statement to TAMU was absolutely privileged because it was made during a quasi-judicial proceeding or in anticipation thereof. However, the privilege for an initial report is conditional and waived if the communication was made maliciously to defame. *Cuba*, 814 F.3d at 715. The Court found that Turner met his burden to show by clear and specific evidence a prima facia case on each element of his defamation claim for the statements made to TAMU. Doe did not submit any evidence to the Court to rebut that prima facia case. Therefore, Doe's initial report was not privileged because the evidence includes detailed allegations of "knowing and malicious fabrication of defamatory accusations." *See id.* at 716. Accordingly, as to Doe's initial statements to TAMU, the Court denies the motion to dismiss pursuant to the TCPA.

However, that does not end the Court's inquiry. Turner asserts a defamation claim for statements made to TAMU generally, such as those made at the student

conduct proceedings, and not just for the statements initially made to initiate the investigation.[17]  While an initial report is only conditionally privileged, statements made once an investigation has begun in anticipation of quasi-judicial proceedings receive absolute privilege, even if they are maliciously made. *Id.* at 715–16.  In *Cuba*, the Fifth Circuit held statements during student conduct proceedings at a private institution, such as Southern Methodist University, do not receive absolute privilege because the proceedings are a private adjudication that does not carry any "law enforcement or law interpreting authority." *Id.* at 717.  However, TAMU is a public university, unlike Southern Methodist University.   Therefore, the Court turns to whether Doe has shown by a preponderance of the evidence the student conduct proceedings at TAMU are quasi-judicial and any statements made are entitled to absolute privilege.

Under Texas law, statements made during quasi-judicial proceedings are entitled to absolute privilege that results in immunity from suit. *Shanks v. Allied Signal, Inc.*, 169 F.3d 988, 992 (5th Cir. 1999).  A proceeding before a government board is "quasi-judicial" if the board has authority to "redress grievances of which it takes cognizance." *Hernandez v. Hayes*, 931 S.W.2d 648, 651–52 (Tex. App.—San Antonio 1996, writ denied) (holding an elementary school board grievance process is a quasi-judicial process).  Texas courts consider the following six factors

---

[17] *Amended Complaint*, Document No. 42, ¶¶ 48–49.

in determining whether proceedings are quasi-judicial: "(1) the power to exercise judgment and discretion; (2) the power to hear and determine or to ascertain facts and decide; (3) the power to make binding orders and judgments; (4) the power to affect the personal or property rights of private persons; (5) the power to examine witnesses, to compel the attendance of witnesses, and to hear the litigation of issues on a hearing; and (6) the power to enforce decisions or impose penalties." *Shanks*, 169 F.3d at 994.

Turner's pleading, which is evidence for purposes of the TCPA, asserts that TAMU views its student conduct system as an educational experience and not a quasi-judicial proceeding.[18]  Doe attached as exhibits to her motion to dismiss the Student Conduct Code and the email from TAMU to Turner detailing the grounds for and terms of his suspension.[19]  The Court first addresses whether these documents can be considered as evidence on a TCPA motion to dismiss.  Doe contends the documents are properly before the Court on a 12(b)(6) motion because they were specifically referenced in the Amended Complaint.[20]  The Court again notes that is pursuant to the federal pleading standard, and while Doe also

---

[18] *Amended Complaint*, Document 42, ¶ 48.

[19] *Defendant Jane Doe's Motion to Dismiss Plaintiff Jonathon Turner's Defamation Claim*, Document 46, Exhibits 1 & 2.

[20] *Defendant Jane Doe's Motion to Dismiss Plaintiff Jonathon Turner's Defamation Claim*, Document 46 at 8 n. 5.

moves to dismiss on 12(b)(6) grounds, that analysis is separate from whether Doe is entitled to dismissal under the TCPA. However, Turner did not move to strike the exhibits as not properly before the Court on a TCPA motion to dismiss, and therefore, the Court finds any objection to considering that evidence waived.

The Student Conduct Code and emails from TAMU to Turner reflect the student conduct proceedings were quasi-judicial. The panel had the power to reach a decision that affected Turner's rights, as he was found responsible for violating the student conduct code and suspended from TAMU. The panel considered witness testimony and evidence in weighing the facts to reach its decision. Therefore, like the schoolboard grievance hearing in *Hernandez*, the TAMU student conduct proceedings were quasi-judicial. Any statements Doe made during the student conduct proceedings are therefore entitled to absolute privilege. As such, the evidence is sufficient to meet Doe's burden of proof on step three to show entitlement to a defense and require dismissal of the defamation claim as to the statements in the TAMU student conduct proceedings. Accordingly, the Court grants in part Doe's motion to dismiss the defamation claims pursuant to the TCPA for any statements Doe made during the TAMU student conduct proceedings and denies the motion for Doe's initial complaint to TAMU.

C.   *Doe's Statements are not all Protected by Immunity*

As addressed in Part III.B.2.c, Doe does not move for dismissal on the grounds that her statements to friends and family are absolutely privileged.[21] Doe only moves to dismiss on the grounds that her statements to TAMU were privileged because they were made during or in anticipation of quasi-judicial proceedings.[22] The Court previously addressed which of Doe's statements were entitled to absolute privilege and found absolute privilege only attached to the

---

[21] Doe did not raise that absolute privilege should apply more broadly to any statement made to a third party other than TAMU, such as friends and family, until her reply. The Court finds because the ground was not raised on the motion to dismiss the argument is waived.

[22] It is unclear from Doe's motion to dismiss whether the assertion of absolute privilege should be addressed in both the analysis under the TCPA and as a grounds for dismissal under Rule 12(b)(6). At the May 12, 2016 hearing, Doe's counsel asserted in open court the absolute privilege defense should be considered as the third step of the TCPA analysis. Doe's motion to dismiss, however, appears to assert the absolute immunity as grounds for a Rule 12(b)(6) dismissal. *See Defendant Jane Doe's Motion to Dismiss Plaintiff Jonathon Turner's Defamation Claim*, Document 46 at 1. The analysis, however, is substantially the same under both the TCPA and Rule 12(b)(6). On a TCPA claim, Doe must show entitlement to a defense by a preponderance of the evidence. On a 12(b)(6) motion, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief" the claim should be dismissed. *Cuvillier*, 503 F.3d at 401. The Court may consider on a 12(b)(6) motion "documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498–99 (5th Cir. 2000). Under both the TCPA and Rule 12(b)(6), the Court properly considered the student conduct code and emails attached as exhibit's to Doe's motion to dismiss. As such, there is no material difference in the evidentiary standard, and the legal standard to assert absolute privilege is the same. Accordingly, the Court adopts its analysis of entitlement to immunity under the TCPA, *supra* Part III.B.3.c, in ruling on Doe's motion to dismiss pursuant to 12(b)(6) on absolute privilege grounds.

statements to TAMU after the initial complaint was made.[23]   Accordingly, the Court grants in part the motion to dismiss on the grounds of absolute privilege for Doe's statements to TAMU after the initial complaint and denies in part the motion as to the initial complaint to TAMU.

D.   *Turner's Defamation Claim against Doe is Sufficiently Pleaded under Rule 12(b)(6)*

Doe contends that Turner failed to sufficiently amend his complaint to comply with Rule 8's pleading standards and the Amended Complaint should be dismissed pursuant to Rule 12(b)(6).   Turner contends his Amended Complaint sufficiently complies with Rule 8.

Federal Rule of Civil Procedure 8 provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).   Although "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' . . . it demands more than . . . 'labels and conclusions.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).   "'[A] formulaic recitation of the elements of a cause of action will not do.'"   *Id.* (quoting *Twombly*, 550 U.S. at 555).   Sweeping generalizations where the identities of the speakers and the content of the defamatory statement remains nebulous will not suffice for a defamation claim under Rule 8(a).   *Redden v. Smith & Nephew, Inc.*,

---

[23] See supra Part III.B.3.c.

Civil Action No. 3:09-CV-1380-L, 2010 WL 2944598, at *5 (N.D. Tex. July 26, 2010) (Lindsay, J.) (finding where it was unclear who spoke the statement or who it was spoken too, and where there was only an allegation of false rumors without information as to the content of those rumors, the claim did not provide reasonable notice under Rule 8(a)).

Turner has sufficiently pleaded more than a formulaic recitation of the elements of the defamation claim. The content of the alleged defamatory statements—that Turner raped her—is sufficiently pleaded in the Amended Complaint. Turner has pleaded these statements were knowingly false and made for malicious purposes after Turner declined to continue a romantic relationship with Doe. Turner does not need to plead damages because a defamatory statement alleging rape is defamation per se. Turner has also pleaded sufficient information about the publication of the statement to give Doe notice of the claim. Unlike *Redden* where it was unclear who made the statements and to whom, Turner has pleaded that Doe was the speaker of the statements and they were made to her brother and TAMU. There are also sufficient facts to give Doe notice of when and where the publication occurred, as Turner alleged the publication of this statement occurred before the party at which Doe's brother threatened to fight him, and the statements to TAMU occurred when Doe filed a complaint three weeks after the incident and at the student conduct proceedings. These are not sweeping

generalizations, as the content of the defamatory statements and the speaker's identity and the third party to whom the statement was published are sufficiently clear. Accordingly, the Court denies Doe's 12(b)(6) motion to dismiss Turner's Amended Complaint for failure to sufficient state a claim under Rule 8(a).

## IV. CONCLUSION

Based on the foregoing, the Court hereby

**ORDERS** that Defendant Jane Doe's Motion to Dismiss Plaintiff Jonathan Turner's Defamation Claim (Document No. 42) is **GRANTED IN PART**, pursuant to the TCPA and Rule 12(b)(6), as to Doe's statements during the TAMU student conduct proceedings. The motion is **DENIED IN PART**, pursuant to the TCPA and Rule 12(b)(6), as to Doe's initial complaint to TAMU and any statements she made to her family, mutual friends, and other third parties.

SIGNED at Houston, Texas, on this *13* day of June, 2016.

DAVID HITTNER
United States District Judge

24